## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ANIBAL SERRANO**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 19-1945 (BJM)

## ORDER

Plaintiff Anibal Serrano ("Serrano") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of her petition for Social Security disability insurance benefits. Docket Nos. ("Dkts.") 14, 15. Her counsel, Pedro G. Cruz-Sanchez ("Cruz"), then requested and received $1,855.13 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkts. 17, 19. Cruz further requested $24,100.00 in attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"). Dkt. 21. He also moved this court to order the Commissioner to issue a "clear and correct" Notice of Award. Dkt. 22. The Commissioner responded with an informative motion. Dkt. 24.

To obtain fees, Cruz's petition must be timely, *Pais v. Kijakazi*, 52 F.4th 486, 490–91 (1st Cir. 2022) (discussing timeliness framework prior to that decision), and the requested fees must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Commissioner issued Serrano a Notice of Award ("NOA") on November 21, 2020. Dkt. 21-2. Though Cruz's motion does not state when he received this notice, he says he obtained it from Serrano because the Commissioner refused to provide him a copy, which the Commissioner does not dispute. Dkt. 21 at 2–3; *see also* Dkt. 21-12. Cruz moved for fees on April 1, 2021. Dkt. 21. Cruz also notes he did not receive a close-out letter from the Commissioner. *Id.* at 3; *see also Lebron-Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 225287, at *3 (D.P.R. Jan. 26, 2022) (explaining "close-out letters are not always mailed,

but rather 'only if an attorney has not filed a petition with the court within 120 days and the agency is planning on returning to the claimant the funds they had previously withheld to pay an attorney fee'").

When the Commissioner issued the amended NOA on November 21, 2020, it was this court's position "that Local Rule 54(b) applie[d] to 406(b) motions, but that the fourteen-day deadline for bringing such motions [wa]s tolled until counsel's receipt of a[n] . . . NOA, from the Commissioner." *Perez-Maldonado v. Comm'r of Soc. Sec.*, 2022 WL 292279, at *2 (D.P.R. Feb. 1, 2022) (motion premature because no NOA issued) (citing *Lebron-Vazquez*, 2022 WL 225287) (NOA issued August 27, 2020). Although Cruz obtained a copy of the NOA from Serrano, Cruz apparently never received an NOA from the Commissioner. Accordingly, I find his April 1, 2021 fee petition was timely.

I also note Cruz's argument he received no close-out letter. However, this court has previously clarified that the proper time to file a motion for fees is calculated based on delivery of the NOA, not the closeout letter. Dkt. 30 at 3–4 (citing *Dieppa-Velazquez v. Saul*, 2021 WL 2144226, at *2 (D.P.R. May 25, 2021) ("The Court finds counsel's reliance on the 'closeout letter' to be misplaced and self-serving. The 'closeout letter' is simply a notice sent to counsel when he/she has not petitioned the agency for the fees under § 406(b). It serves as a reminder that those moneys are waiting to be distributed and urging counsel to submit the fee petition if so desired or otherwise inform the agency. [] The 'closeout letter' has nothing to do with the award amount or its finality."); *González v. Comm'r of Soc. Sec.* 2021 WL 2173426, at *2 (D.P.R. May 26, 2021) (holding same); *Nuñez Ramos v. Comm'r of Soc. Sec.*, 2021 WL 2144218, at *2 (D.P.R. May 25, 2021) (holding same). Accordingly, Cruz's argument his petition is timely because he received no

Case 3:19-cv-01945-BJM   Document 29   Filed 12/22/23   Page 3 of 4

*Serrano v. Comm'r of Soc. Sec.*, Civil. No. 19-1945 (BJM)                                    3

close-out letter is unavailing. Nevertheless, for the reasons stated above, I find his petition was timely.

I turn to the reasonableness of fees requested. Attorneys for successful Social Security claimants are entitled to "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In determining a reasonable fee, courts look first to the contingent fee arrangement and then test for reasonableness "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. Courts may require a claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The terms of Cruz and Serrano's contingent fee agreement were reasonable. And there is no reason to believe Cruz's conduct was substandard or improper. The fee agreement between Serrano and Cruz permits Cruz to receive up to 25 percent of Serrano's past-due benefits. Dkt. 21-1. Accordingly, Cruz requests $24,100.00. Dkt. 21 at 1. However, he reported working over 10.5 hours on Serrano's appeal. *Id*. at 7; Dkt. 17-1 (itemized hours). Assuming he worked 10.6 hours, he seeks to bill approximately $2,273.58 per hour. This award is not in line with other recent Social Security attorney fees awarded by this court. *See, e.g., Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (RAM), Dkt. 42 (report and recommendation denying attorney's claim of $11,000.00 for

Case 3:19-cv-01945-BJM   Document 29   Filed 12/22/23   Page 4 of 4

Serrano v. Comm'r of Soc. Sec., Civil. No. 19-1945 (BJM)                                              4

8.3 hours of billable work as excessive and reducing it to $5,111.00, or approximately $615.78 per hour), *adopted at* Dkt. 46; *Santiago Díaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (denying Cruz's claim of $25,000.00 for 10.3 hours of billable work as excessive and reducing it to $6,180.00, or $600.00 an hour). Consistent with *Santiago Díaz*, I shall reduce Cruz's award to reflect a rate of $600.00 an hour, or $6,360.00 in total.

Finally, as Cruz acknowledges, he must refund fees he received from Serrano under the EAJA. *See* Dkt. 21 at 13-14; *Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412. Accordingly, Cruz must refund $1,855.13 to Serrano.

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **GRANTED IN PART** and payment of $6,360.00 in attorney fees to Cruz is authorized. Cruz is ordered to refund Serrano $1,855.13 in fees previously awarded and paid to Cruz under the EAJA. Payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of December 2023.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge